UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CASE NO.: 1:15-CR-42-TLS |
| ) | |
| FREDDIE L. CHURCH, JR.,   ) | |
| SHAIKI SUTTON,   ) | |
| TYLER M. MCCARTHY,   ) | |
| CHRISTIAN J. SMITH, and   ) | |
| AUTUMN J. CARTER   ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Motion to Stay Proceedings [ECF No. 72], filed on December 14, 2015, by Defendant Christian J. Smith, and joined by Defendants Shaiki Sutton and Tyler M. McCarthy. The Defendants submit that the Seventh Circuit's forthcoming decision in *United States v. Vivas-Ceja*, No. 15-1770, "will likely resolve, and will certainly illuminate, the question before this Court." (Mot. 3.) They seek a stay of this Court's briefing schedule pending the outcome of *Vivas-Ceja*. The Government filed a Response to Defendant's Motion to Stay Proceedings [ECF No. 73], arguing that no stay is warranted because the issues in *Vivas-Ceja* are not the same issues that are present in this case. Subsequently, the Government filed a Notice [ECF No. 74], advising that the Court of Appeals had issued an opinion in *Vivas-Cejas*, dated December 22, 2015, rendering the requested stay moot.

The Court finds that the Defendants' request for a stay has been rendered moot. Additionally, the Court takes this opportunity to clarify the record and the issues pending in this matter.

The Defendants' position regarding the utility of a stay is grounded in a

misunderstanding of this Court's previous Opinion and Order—or at least a misunderstanding of this Court's interpretation of *Johnson*. According to the Defendants, this Court "issued an order seeking further briefing on whether 18 U.S.C. § 924(c) requires application of the 'ordinary case approach' rejected in *Johnson*." (Mot. 2) (referring to *Johnson v. United States*, 135 S. Ct. 2551 (2015)). This is not an entirely accurate manner in which to state the Court's request. The Court offered the parties an opportunity to present further briefing to address "whether 18 U.S.C. § 924(c) should be interpreted to require application of the categorical approach that the Supreme Court developed for purposes of applying the ACCA." (12/01/15 Opinion and Order 14, ECF No. 71.) However, the Court did not do so because the categorical approach had been rejected in *Johnson*. To the contrary, adherence to the categorical approach is what led to the invalidation of the residual clause of the ACCA for vagueness. *See Johnson*, 135 S. Ct. at 2557–59; *id.* at 2561 (distinguishing statutes that require application of a substantial risk to real-world conduct engaged in on a particular occasion from the residual clause, "which requires application of the 'serious potential risk' standard to an idealized ordinary case of the crime). Justice Samuel Alito, in dissent, questioned whether, instead of striking down the residual clause and overruling prior cases that upheld it, the Court should have "avoided" the constitutional question by abandoning the categorical approach to applying the ACCA that the Court had adopted twenty-five years ago in *Taylor v. United States*, 495 U.S. 575 (1990). *Johnson*, 135 S. Ct. at 2573–74, 2578 (Alito, J., dissenting) ("The Court all but concedes that the residual clause would be constitutional if it applied to 'real-world conduct.'"). Justice Alito articulated several reasons in favor of a real world conduct interpretation of the residual clause. *Id.* at 2578–79.

      The majority specifically "decline[d] the dissent's invitation" to "jettison . . . the

categorical approach" and "save the residual clause from vagueness by interpreting it to refer to the risk posed by the particular conduct in which the defendant engaged, not the risk posed by the ordinary case of the defendant's crime." *Id.* at 2561–62. The majority's main argument for overturning the statute was that the categorical approach was unmanageable in residual clause cases. Thus, it is not accurate to say that the *Johnson* Court rejected the categorical approach, which would still apply to the enumerated offenses. *See* 135 S. Ct. at 2562 ("*Taylor* had good reasons to adopt the categorical approach, reasons that apply no less to the residual clause than to the enumerated crimes."); *id.* at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."); *see also United States v. Vivas-Ceja*, 2015 WL 9301373, at *3, No. 15-1770 (7th Cir. Dec. 22, 2015) (noting that the *Johnson* court held that the two parts of the residual clause's categorical approach combined to render the clause unconstitutionally vague).

It is also important to remember that this Court's previous Opinion and Order focused on whether the charged offenses "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). This is the force clause of § 924(c), not the residual clause. Thus, the Seventh Circuit's decision that the residual clause of 18 U.S.C. § 16(b) is unconstitutionally vague per the reasoning of *Johnson* does not impact the outcome of the Defendants' Motion to Dismiss. As the Government points out, the force-clause issue must be addressed before any argument pursuant to the residual clause. The sole reason for inviting supplemental briefing was that the parties' assumed that the categorical approach was involved in a proper interpretation of the force clause of § 924(c). The Court's Opinion and Order expressed why the Court did not believe this was proper.

3

In requesting a stay of the proceedings, the Defendants state the following about this Court's previous Order:

> This Court's order additionally indicated that, even assuming the ordinary case approach does apply to 18 U.S.C. § 924(c), the Court is inclined to deny the motion to dismiss because *Johnson* does not apply to the residual clause language found in because the definition of "crime of violence" in 18 U.S.C. § 924(c) requires this court to apply the "ordinary case" approach rejected by the Supreme Court.

(Mot. 2.) The Court is not sure what the Defendants intended to write. Perhaps the Defendants believe the Court's Order indicated that, as an alternative ruling, it would find *Johnson's* reasoning inapplicable to § 924(c)'s residual clause language. But the Court did not think it necessary to rely on the residual clause to review the sufficiency of the Indictment, and did not address it as an alternative basis for denying the motion to dismiss. Rather, the Order questioned the assumption that the sufficiency of an indictment to state a crime of violence for purposes of § 924(c) was only reviewable under the categorical analysis framework, where the Court would be constrained by the elements of the underlying statute and could not look to the Indictment or to the Defendants' actual conduct in committing the offense. If the categorical approach does not apply, then the question whether attempted Hobbs Act robbery and bank robbery qualify as crimes of violence depends on the particular facts of this case. Because "crime of violence" is an element of the § 924(c) offense, the question would be submitted to a trier of fact, which would then determine on the basis of the evidence presented whether the Government has proven beyond a reasonable doubt that the robbery was a crime of violence pursuant to § 924(c). However, because the parties did not address whether any binding precedent had applied the categorical approach outside the sentencing context, the Court withheld ruling to offer the parties an opportunity to address that issue.

The Court continues to withhold ruling on the Motion to Dismiss to allow the parties additional time to submit supplemental briefing.

## CONCLUSION

For the reasons stated above, the Defendant's Motion to Stay Proceedings [ECF No. 72] is DENIED AS MOOT. The Defendants are granted until January 19, 2016, to file supplemental briefing. The Government is granted until February 3, 2016, to file supplemental briefing.

SO ORDERED on January 4, 2016.

                                         s/ Theresa L. Springmann
                                         THERESA L. SPRINGMANN
                                         UNITED STATES DISTRICT COURT