**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:15-CR-42-TLS |
| | ) | |
| FREDDIE L. CHURCH, JR., | ) | |
| TYLER MCCARTHY, and | ) | |
| CHRISTIAN J. SMITH | ) | |

**PRELIMINARY ORDER OF FORFEITURE**

This matter is before the Court on a Motion of the United States for Preliminary Order of Forfeiture [ECF No. 225], which the Court now GRANTS.

As the result of Defendants Freddie Church's, Christian Smith's, and Tyler McCarthy's pleas of guilty to various counts of the Indictment for which the Government sought forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the Defendant shall forfeit to the United States all firearms and ammunition involved in or used in any knowing violation of 18 U.S.C. §§ 924(c), 1951(a) & (b), and 2113(a) & (d) to include the following property:

- a Hi-Point .40 caliber JCP pistol, serial number X7210550; and

- a SAR Arms 9mm pistol, serial number T1102-13G01059.

The Court has determined, based on the Defendants' pleas, that the above described property is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), that the Defendants had an interest in such property, and that the Government has established the requisite nexus between such property and the offense committed by them.

Upon the entry of this Order, the Attorney General, or a designee, is authorized to seize the aforementioned property, to conduct any discovery proper in identifying, locating or

disposing of the property subject to forfeiture, and to commence proceedings that comply with any statutes governing third party rights in accordance with Fed. R. Crim. P. 32.2(b)(3).

Pursuant to Rule 32.2.(b)(6) and 21 U.S.C. § 853(n), and in accordance with Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions the United States shall post on an official government internet site (http://www.forfeiture.gov) for at least 30 consecutive days, notice of the Preliminary Order of Forfeiture. The United States shall also provide direct written notice of the Preliminary Order of Forfeiture to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture.

Any person, other than the named Defendant, asserting a legal interest in the subject property may, within 30 days of the receipt of notice, or within 60 days of the first publication of notice on the internet website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n).

Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in subject property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in subject property; and any additional facts supporting the petitioner's claim and relief sought. The petition must be filed with the United States District Court, E. Ross Adair Federal Building & United States Courthouse, 1300 S. Harrison Street, Room 1108, Fort Wayne, Indiana, 46802-3489 and a copy served on Anthony W. Geller, Assistant United States Attorney, E. Ross Adair Federal Building & United States

Courthouse, 1300 S. Harrison Street, Room 3128, Fort Wayne, Indiana, 46802-3489, within 30 days of the receipt of notice, or within 60 days of the first publication of notice on the internet website, whichever is earlier.

Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the Defendants at the time of their sentencing and shall be made part of the sentence and included in the judgment.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 28 U.S.C. § 2461(c), for the filing of third party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED on March 9, 2017.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT