# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:15-CR-42-4-TLS |
| | ) | [1:18-CV-273] |
| | ) | |
| CHRISTIAN J. SMITH | ) | |

## OPINION AND ORDER

The Defendant, Christian J. Smith, is serving a sentence for attempted robbery of a credit union in violation of 18 U.S.C. § 2113(a) and (d) (Count 2), attempting to interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a) and (b) (Count 3), and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count 5). For purposes of the Count 5 § 924(c) conviction, the crime of violence was the attempted Hobbs Act robbery that was set forth in Count 3. The Defendant now seeks to vacate his conviction and sentence under § 924(c) [Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 326]. The Defendant predicates his Motion on the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). He also argues that attempted robbery by casing, but not actually entering, a bank is not a crime of violence under the elements clause of the statutory definition, § 924(c)(3)(A), because it does not involve the use, attempted use, or threatened use of force.

The Government has filed a Response [ECF No. 331], arguing that the Defendant's Motion is time-barred because it was filed beyond the one-year statute of limitations. Additionally, the Government argues that his claim fails on the merits because Hobbs Act robbery, and its attempt, is a crime of violence under § 924(c)(3)(A). Thus, the conviction would stand regardless of the constitutionality of § 924(c)(3)(B).

# ANALYSIS

The Defendant's judgment of conviction was entered on March 15, 2017. He filed his Motion to Vacate on September 4, 2018. A motion filed under 28 U.S.C. § 2255 is subject to a one-year limitations period that runs from:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Accordingly, a defendant seeking collateral review under § 2255 will have one year from the date on which his judgment of conviction is final to file his petition, *id.* § 2255(f)(1); *see also Dodd v. United States*, 545 U.S. 353, 357 (2005), or one year from three limited, alternative circumstances, 28 U.S.C. § 2255(f)(2)–(4). Here, subsection (f)(3) is the only subsection that could render the Defendant's Motion timely.

The question, then, is whether the right the Defendant's Motion purports to rely on is one that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. The Defendant argues that he is actually innocent of the 18 U.S.C. § 924(c) conviction for using a firearm during a crime of violence because Hobbs Act robbery is not a "crime of violence" under that statute. Section 924(c)(1) provide that "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall" receive a term of imprisonment of not less than five years "in addition to the punishment provided for such crime

of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1). The statute creates "an offense distinct from the underlying federal felony." *Simpson v. United States*, 435 U.S. 6, 10 (1978). "Crime of violence" is defined in two ways, the latter of which is commonly referred to as the residual clause and refers to a crime "that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

The Defendant argues that *Dimaya*'s holding regarding the constitutionality of a similarly-worded statute, 18 U.S.C. § 16, should be applied to § 924(c)'s residual clause. He further maintains that the still intact elements clause, which refers to an offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," *id.* § 924(c)(3)(A), does not apply to his conviction for attempted Hobbs Act robbery.

The Defendant's argument regarding the application of the elements clause is time-barred. *Dimaya* did "not have anything to do with the elements clause" of § 924(c) or any other statute, "and § 2255(f)(3) therefore does not afford [him] a new one-year period to seek collateral relief on a theory that the elements clause does not apply to a particular conviction." *Stanley v. United States*, 827 F.3d 562, 565 (7th Cir. 2016) (holding that a conviction that the sentencing court counted as violent under the elements clause of the Sentencing Guidelines was outside the scope of *Johnson v. United States*, 135 S. Ct. 2251 (2015)). On March 15, 2016, this Court denied the Defendant's motion to dismiss Count 5 of the Indictment, which is the same § 924(c) charge that he is now collaterally attacking. The Court's Opinion and Order [ECF No. 80] setting forth its reasons puts this case squarely within the reasoning of *Stanley*. In the Opinion and Order, the Court unambiguously stated its position that a conviction under Count 3 for attempted

3

Hobbs Act robbery would satisfy as a predicate offense under § 924(c)(3)(A), the elements clause. The Court disclaimed any reliance on the residual clause. Accordingly, nothing about this Court's March 2016 Opinion, or its adjudication of the Defendant's guilt for the § 924(c) offense, is implicated by a right that has been recognized by the Supreme Court.

The Defendant's collateral challenge to his conviction is time-barred, and he cannot make out a claim of actual innocence. *See Lund v. United States*, 913 F.3d 665, 667 (7th Cir. 2019) (acknowledging that actual innocence can overcome a statute of limitations bar). The Defendant could not have been found guilty of the attempted Hobbs Act robbery as charged in Count 3 of the Indictment unless he "specific[ally] intent[ed] to commit the full robbery" and took "a substantial step toward that end." *United States v. Muratovic*, 719 F.3d 809, 815 (7th Cir. 2013). The Defendant's use of firearm during the attempted Hobbs Act robbery justified the Defendant's § 924(c) conviction because "Hobbs Act robbery is a 'crime of violence' within the meaning of § 924(c)(3)(A)." *United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017)[1]; *see also United States v. Rivera*, 847 F.3d 847, 848–49 (7th Cir. 2017) (stating that "[b]ecause one cannot commit Hobbs Act robbery without using or threatening physical force, . . . Hobbs Act robbery qualifies as a predicate for a crime-of-violence conviction"). The Defendant is not actually innocent of the offense of carrying a firearm during and in relation to a crime of violence.

Even if the Court focused solely on the residual clause, it would not render the Defendant's Motion timely. *Dimaya* did not involve § 924(c). It involved the materially identical

---

[1] The Supreme Court later vacated the judgment in *Anglin*, 138 S. Ct. 126 (2017), and remanded the case to the Seventh Circuit for reconsideration of the sentence in light of *Dean v. United States*, 137 S. Ct. 1170 (2017). However, the Seventh Circuit has since observed that the Supreme Court's disposition of *Anglin* has not affected the portion of its ruling on the Hobbs Act. *United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017). In *Fox*, the Seventh Circuit reaffirmed that "Hobbs Act robberies are crimes of violence under Section 924(c)(3)(A)." *Fox*, 878 F.3d at 574.

18 U.S.C. § 16(b), which is incorporated into the Immigration and Nationality Act's definition of the types of past criminal convictions that render an alien deportable after entering the United States. *Dimaya*, 138 S. Ct. at 1211. In finding § 16(b) unconstitutionally vague, the Court stated that "just like ACCA's residual clause, § 16(b) 'produces more unpredictability and arbitrariness than the Due Process Clause tolerates.'" *Dimaya*, 138 S. Ct. at 1223 (quoting *Johnson*, 135 S. Ct. at 2558).

The Supreme Court has not—either in *Johnson*, *Dimaya*, or elsewhere—deemed the residual clause in § 924(c) to be void for vagueness in violation of due process.[2] That statute, unlike § 16(b) or the ACCA, creates a *separate offense* for using or possessing a firearm in connection with a crime of violence. *See Dean v. United States*, 137 S. Ct. 1170, 1174 (2017) ("Congress has made it a separate offense to use or possess a firearm in connection with a violent or drug trafficking crime.") A conviction under § 924(c) requires a jury to find (or the defendant to admit through a plea) that the defendant possessed, carried, or used a firearm; that he "committed all the acts necessary to be subject to punishment for" an offense that qualifies as a crime of violence; and that the possession, carrying, or use of the firearm was sufficiently

---

[2] Although the Seventh Circuit has held that the residual clause of 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague, *see United States v. Jenkins*, 849 F.3d 390 (7th Cir. 2017); *United States v. Jackson*, 865 F.3d 946 (7th Cir. 2017), the United States Supreme Court has vacated the judgments in those cases and remanded for further consideration in light of *Dimaya*. *See United States v. Jenkins*, 138 S. Ct. 1980 (2018); *United States v. Jackson*, 138 S. Ct. 1983 (2018). In the now-vacated opinions in *Jenkins* and *Jackson*, the appellate court had assumed that the use of the categorical approach applied to the residual clause of 18 U.S.C. § 924(c)(3)(B). The government had asked the Supreme Court to return those cases to the Seventh Circuit because *Dimaya* suggested that a court could, consistent with the canon of constitutional avoidance, construe § 924(c)(3)(B) to permit application of a non-categorical approach that considers the defendant's real-world conduct. In any event, the principal that circuit precedent cannot "refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e Supreme] Court has not announced," *Lopez v. Smith*, 135 S. Ct. 1, 4 (2014) (citing *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013)), would seem to apply by analogy. A circuit's recognition of a right is not the same as the Supreme Court's recognition of that right.

connected to those acts. *United States v. Rodriguez-Moreno*, 526 U.S. 275, 280 (1999). Thus, § 924(c) is different from § 16, which requires analysis of a *prior* conviction from a cold record, and calls for a "court to identify a crime's 'ordinary case' in order to measure the crime's risk." *Dimaya*, 138 S. Ct. at 1215.

As far as Supreme Court precedent is concerned, § 924(c)(3)(B) remains a valid definition of a crime of violence for purposes of determining if a defendant has committed a violation of § 924(c)(1). To be clear, however, the Court does not find that the Defendant's Motion implicates § 924(c)(3)(B) at all. As stated earlier, the Court considered the Defendant's conviction for attempted Hobbs Act robbery to be violent under the elements clause, § 924(c)(3)(A), and nothing in *Dimaya* implicates the elements clause. Accordingly, his § 2255 motion is untimely. Additionally, his sole ground for relief is plainly meritless because the attempted Hobbs Act robbery conviction serves as a valid predicate for his § 924(c) conviction by way of the elements clause of § 924(c)(3), not the residual clause.

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing § 2255 proceedings, the Court issues or denies a certificate of appealability under 28 U.S.C. § 2253(c)(2) when it enters a final order adverse to the applicant. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation

marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

No reasonable jurists could debate whether the Defendant's Motion presents a viable ground for relief. *Dimaya* is irrelevant and does not expand the statute of limitations, and *Rivera* and *Anglin* otherwise foreclose his claim. As a consequence, the Court declines to issue a certificate of appealability as to the Defendant's Motion.

## CONCLUSION

For the reasons stated above, the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 326] is DISMISSED. The Court declines to issue a Certificate of Appealability.

SO ORDERED on April 17, 2019.

        s/ Theresa L. Springmann
        CHIEF JUDGE THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT