UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:15-CR-42-HAB |
| ) | |
| CHRISTIAN J. SMITH ) | |

**OPINION AND ORDER**

Defendant is no stranger to seeking a revision of his 147-month sentence arising out of a failed attempt to rob a credit union. Defendant filed an untimely motion under 28 U.S.C. § 2255 in May 2017. Now, more than five years later, he is back, this time bringing his request under 18 U.S.C. § 3582(c)(1)(A)(i). He asserts that, under *United States v. Taylor*, 142 S. Ct. 2015 (2022), he could not have been found guilty of a violation of 18 U.S.C. § 924(c) because the underlying crime, attempted Hobbs Act robbery, is no longer a crime of violence. The Court sympathizes with Defendant's argument, but the Government is correct that an intervening change in law is not an "extraordinary and compelling" reason for compassionate release. His motion must be denied.

**I.     Defendant's Crime of Conviction**

In July 2015, Defendant and four codefendants were planning an armed robbery of a credit union. Law enforcement caught wind of the plan and set up a sting. The robbery crew surveilled the credit union and, the next day, attempted the robbery. Unfortunately for them, law enforcement had locked the door to the credit union in anticipation of the crew's arrival. Defendant tried, and failed to open the door, leading to Defendant and his cohorts returning to their vehicle. Law enforcement immediately stopped the vehicle, finding Defendant in a full mask and gloves. Inside the car, officers found guns, zip-ties, gloves, and masks.

A month prior, Defendant had attempted another credit union robbery. Defendant and another man entered the credit union, with Defendant pointing a gun at the tellers. When the teller did not act fast enough, Defendant held the gun to the teller's head. The men had intended to rob the credit union's vault but, with no manager in the building, the tellers could not open the vault. The two men left without getting any money.

Because of the two attempted robberies, Defendant was charged with, and pleaded guilty to, attempted armed bank robbery, in violation of 18 U.S.C. § 2113, to attempted interference with commerce by robbery, in violation of the Hobbs Act in 18 U.S.C. § 1951, and to carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). He was sentenced to 87 months on each robbery count, running concurrently, and a consecutive 60 months on the firearm count. Defendant is incarcerated at Yazoo City, Mississippi, and his projected release date is January 20, 2026.

## II.    Legal Discussion

### A.    *Compassionate Release Standard*

Defendant's motion requests compassionate release. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

> (1) in any case --
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—

2

> (i) extraordinary and compelling reasons warrant such a reduction …
>
> … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because Defendant, not the Director of the BOP, filed the motion, Defendant must first show that he has satisfied the statutory exhaustion requirement. The Government concedes that Defendant has properly exhausted his remedies.[1] (ECF No. 731 at 11).

Congress did not define "extraordinary and compelling reasons" in the statute, instead delegating the matter to the Sentencing Commission to promulgate a policy statement that "describe[s] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The policy statement, in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes, have not been amended to reflect the First Step Act's change to § 3582(c)(1)(A) allowing prisoners to bring compassionate release claims directly. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)[2]. As a result, "§ 1B1.13 and its application notes provide useful – but not binding – guidance to courts in determining whether a defendant has identified an extraordinary and compelling reason for compassionate release." *United States v. Hoskins*, No. 2:99 CR 117, 2020 WL 7640408, at *2 (N.D. Ind. Dec. 23, 2020) (citing *Gunn*, 938 F.3d at 1180). Indeed, "[d]istrict judges must operate under the statutory criteria–'extraordinary and compelling reasons'–subject to deferential appellate review." *Gunn,* 980 F.3d at 1181.

---

[1] The Court notes, however, that the exhaustion only applies to those issues raised to the warden. *United States v. Williams*, 987 F.3d 700, 703–04 (7th Cir. 2021) (requiring exhaustion as to each issue raised). Defendant's reference to COVID-19, presented for the first time in his reply brief, was not raised to the warden. (*See* ECF No. 375-1 at 1–2). Thus, the Court will not consider it now.

[2] Yet as *Gunn* made clear, the Guidelines' requirement that the court consider whether the reduction is otherwise "consistent with this policy statement" does not limit a district judge's discretion. This is because the statute by which the district court is bound requires a reduction to track "applicable policy statements." And the Sentencing Commission has not yet issued a policy statement "applicable" to Defendant's request. Thus, *Gunn* held, "[a]ny decision is 'consistent with' a nonexistent policy statement." *Gunn*, 980 F.3d at 1180

Using the guidance of §1B1.13 to inform the statutory criteria, the court considers the medical condition of the defendant, his age, his family circumstances, and whether there is in the defendant's case an extraordinary or compelling reason "other than or in combination with" the other reasons described in the Application Notes. Second, the Court determines whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court considers the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

**B.**   ***Defendant Cannot Show Extraordinary and Compelling Reasons for Release***

The first issue that must be addressed is whether Defendant's argument conflicts with *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021), and its progeny. In *Thacker*, the issue before the court of appeals was whether sentencing disparity created by a non-retroactive section of the First Step Act, Section 403[3], could serve as extraordinary and compelling circumstances supporting compassionate release. Ross Thacker ("Thacker") was sentenced in 2002 to a mandatory minimum 32-year sentence for two convictions under 18 U.S.C. § 924(c), 7 years for the first conviction and 25 years for the second. Following the enactment of the First Step Act, the mandatory minimum sentence for each conviction was reduced to 7 years. Thacker argued that the resulting 18-year disparity, along with his health conditions, satisfied the extraordinary and compelling requirement. *Id*. at 571–72.

The Seventh Circuit rejected the defendant's argument. Comparing Sections 403 and 404, the court of appeals determined that Congress made a "deliberate" choice to apply relief under Section 403 prospectively. *Id*. at 573. The court of appeals recognized that § 3852(c)(1)(A) affords district courts with discretion to shorten terms of imprisonment but made clear that this discretion

---

[3] Section 403 contains the same non-retroactivity language as Section 401(c).

4

"only goes so far." *Id*. at 574. The limit of that discretion, according to the court of appeals, was using the compassionate release statute to "upend the clear and precise limitation Congress imposed on the effective date of the First Step Act's amendment to § 924(c)." *Id*.

Predicting the precise issue before the Court, the Seventh Circuit later observed:

We harbor broader concerns with allowing § 3582(c)(1)(A) to serve as the authority for relief from mandatory minimum sentences prescribed by Congress. We see nothing preventing the next inmate serving a mandatory minimum sentence under some other federal statute from requesting a sentencing reduction in the name of compassionate release on the basis that the prescribed sentence is too long, rests on a misguided view of the purposes of sentencing, reflects an outdated legislative choice by Congress, and the like. Rationales along those lines cannot supply an extraordinary and compelling reason to reduce a lawful sentence whose term Congress enacted, and the President signed, into law. Any other conclusion offends principles of separation of powers.

*Id*.

The court of appeals did not prohibit district courts from ever considering changes in sentencing as part of the compassionate release analysis. Rather, the court expressly endorsed consideration of Section 403 when weighing the § 3553(a) factors, but only after the district court first finds extraordinary and compelling circumstances. *Id*. at 575–76 (citing *United States v. Black*, 999 F.3d 1071 (7th Cir. 2021)). Still, the court of appeals made it clear that the required extraordinary and compelling reason supporting compassionate release "cannot include, whether alone or in combination with other factors, consideration of the First Step Act's amendment to § 924(c)." *Thacker*, 4 F.4th at 576.

Defendant argues that *Thacker* does not apply because it "says nothing to challenge the contention that [Defendant's] § 924(c) conviction is now invalid." (ECF No. 380 at 1). He also appears to argue that it is only a matter of time before a change in the law is adopted by the Sentencing Commission as an extraordinary and compelling reason for release, stating that he "should not be made to continue being unjustly incarcerated on a now invalid charge because of

5

political machinations that have not allowed the sentencing commission to carry on their important work." (*Id*. at 2).

Even if the Court agreed with Defendant's position, the Seventh Circuit does not. The Seventh Circuit spoke more directly to Defendant's concerns in *United States v. Brock*, 39 F.4th 462 (7th Cir. 2022). There, the defendant sought compassionate release because, under *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), he no longer qualified for a sentencing enhancement under 21 U.S.C. § 851 because his Illinois cocaine-related conviction was no longer a proper predicate. This change in the law, he claimed, was an extraordinary and compelling reason for release. The district court, relying on *Thacker*, denied the motion and the case was appealed.

The Seventh Circuit affirmed. Speaking to the very issue that Defendant raises, the court of appeals held, "[j]udicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction. To permit otherwise would allow § 3582(c)(1)(A) to serve as an alternative to a direct appeal or a properly filed post-conviction motion under 28 U.S.C. § 2255." *Brock*, 39 F.4th at 466. As the Court reads it, *Thacker* and its progeny prohibit district courts from considering any change in the law, statutory or judge-made, as an extraordinary and compelling reason for release.

This reading dooms Defendant's motion. The Court sympathizes with Defendant's plight. He may very well be serving five more years' imprisonment that he could not receive had he committed the crime today. But the proper way to challenge the legality of a sentence is through a properly filed § 2255 motion. And this motion is not that.[4] Defendant's request for compassionate release must be denied.

---

[4] As the Government notes, Defendant has already filed a § 2255 motion. This motion, then, would be a successive motion under § 2255, requiring authorization from the Seventh Circuit. *See* 28 U.S.C. § 2255(h); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Without the required pre-authorization, the Court would have no option but to dismiss the motion.

### III.   Conclusion

For these reasons, Defendant's motion for compassionate release (ECF No. 375) is DENIED.

SO ORDERED on January 19, 2023.

                                                   s/ Holly A. Brady
                                                  JUDGE HOLLY A. BRADY
                                                  UNITED STATES DISTRICT COURT